IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PRIEST MOMOLU V.S. SIRLEAF, JR.,

    Plaintiff,

v.                                    Civil Action No. 3:19CV182

RALPH NORTHAM, et al.,

    Defendants.

**MEMORANDUM OPINION**

Priest Momolu V.S. Sirleaf, Jr., a Virginia inmate proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 action and Bivens. The action proceeds on the PARTICULARIZED COMPLAINT FOR CONSPIRACY TO DEPRIVE OF EQUAL PROTECTION. ("Particularized Complaint," ECF No. 23.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, the action will be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

**I. PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based

upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J.,

3

concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL HISTORY

### A. Preliminary Order

Sirleaf, a frequent litigant in this Court, has a tendency to refuse to follow the directives of the Court. This case is no exception.[1] The initial Complaint was transferred here from the United States District Court for the Western District of Virginia. (ECF No. 2.) The Complaint was seventy-five, rambling pages naming every federal and state official who Sirleaf perceives has wronged him either directly or indirectly during his criminal proceedings and subsequent incarceration. By Memorandum Order entered on July 2, 2019, the Court directed Sirleaf to file a particularized complaint. The Memorandum Order explained as follows:

> As a preliminary matter, the Complaint in this action fails to comply with Federal Rule of Civil Procedure 8(a). That rule provides:
> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[1] Sirleaf has a history of filing vexatious litigation and has filed numerous mandamus actions against judges of this Court in the United States Court of Appeals for the Fourth Circuit when he has not been permitted to litigate according to his own whims.

4

>   (3) a demand for the relief sought, which may
>   include relief in the alternative or different
>   types of relief.

Fed. R. Civ. P. 8(a). Sirleaf's rambling submission is neither short nor plain. Rather, it is comprised of a variety of separate documents with rambling allegations that do not appear to provide the basis for the Court's jurisdiction or succinctly present his claims.

Moreover, in order to state a viable claim under 42 U.S.C. § 1983,[2] a plaintiff must allege that a person acting under color of state law <u>deprived him</u> of a constitutional right or of a right conferred by a law of the United States. <u>See</u> <u>Dowe v. Total Action Against Poverty in Roanoke Valley</u>, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). In order to state a viable claim under <u>Bivens</u>,[3] a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. <u>See</u> <u>Williams v. Burgess</u>, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing <u>Goldstein v. Moatz</u>, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Courts must liberally construe <u>pro se</u> civil rights complaints in order to address constitutional deprivations. <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of <u>pro se</u> complaints are not . . . without limits." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). Sirleaf's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

---

[2] That statute provides, in pertinent part:

>   Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[3] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, Sirleaf is placed on notice that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck v. Humphrey, 512 U.S. 477, 486 (1994). Accordingly, Sirleaf is directed, within fourteen (14) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:
**FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** See Fed. R. Civ. P. 41(b).

Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, he must also satisfy Federal Rule of Civil Procedure 20 which provides:

> **(2)** *Defendants*. Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Sirleaf's Particularized Complaint must also comport with the joinder requirements. If Sirleaf fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 12, at 1-4 (omissions in original).)

## B. The Particularized Complaint

On July 19, 2019, the Court received from Sirleaf a document entitled "Particularized Complaint." (ECF No. 13.)[4] The Particularized Complaint is fifty-nine pages comprised of rambling allegations, copies of documents from his criminal proceedings, legal outlines, articles, and press releases. Sirleaf calls this filing a "Particularized Complaint for Conspiracy to Deprive of Equal Protection" and further states: "Please Note: This is Not a Bivens Action." (Part. Compl 1.)[5] Sirleaf's allegations range from inter alia, conclusory and fanciful violations of the First and Fourteenth Amendments, to various conspiracies under 42 U.S.C. § 1983 and § 1985 to violate RLUIPA, to violate treaties and conventions with other countries, to violate the Americans with Disabilities Act, and to torture him and other inmates. (See id.

---

[4] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization and omits the emphasis in quotations from Sirleaf's submissions.

[5] Sirleaf was instructed that he must list all Defendants at the top of his Particularized Complaint. Sirleaf dropped the majority of the defendants named in the initial Complaint including all of the federal defendants. Sirleaf now names the following as Defendants: Ralph Northam, Governor of the Commonwealth of Virginia; Mark Herring, Attorney General of the Commonwealth of Virginia; Lynda Burrows, the Mailroom Clerk at Greensville Correctional Center, and seven John Doe defendants. To the extent that Sirleaf's Particularized Complaint includes names of people who were not identified as Defendants at the top of the Particularized Complaint, the Court will not consider these persons as Defendants.

7

at 18-20, 26-29.) Sirleaf also alleges that he and other inmates have been wrongfully convicted and unlawfully detained and that Defendants Northam and Herring have displayed "racial animus against blacks/people of African descent." (Part. Compl. 3-9.) Sirleaf then provides a long list of his "peniten[t]s" who he "counseled" "about the conspiracy the defendants had engaged in against them" and he includes a list with signatures of incarcerated individuals who have been wronged allegedly by Defendants. (Id. at 9-18; 32-33.) Sirleaf asks for declaratory and injunctive relief, monetary damages and costs, and consular notification. (Id. at 29-32.)

As a preliminary matter, Sirleaf has been informed on numerous occasions that he may not bring claims on behalf of other individuals. See, e.g., Sirleaf v. Mikeljohn, No. 3:18CV562, 2019 WL 2251705, at *2 (E.D. Va. May 24, 2019); Sirleaf v. Robinson, No. 3:15CV552 (E.D. Va. Mar. 3, 2016), ECF No. 32. Thus, to the extent that Sirleaf intends to represent a class of people, or bring claims on the behalf of other inmates, he may not do so. Any claim brought on behalf of another inmate is dismissed. Moreover, Sirleaf's Particularized Complaint can hardly be said to comply with Federal Rule of Civil Procedure Rule 8(a)'s requirement that a Complaint contain a short, plain statement that he is entitled to relief. Although Sirleaf's pro se status makes him "entitled to some deference," it does not relieve him of his duty

8

to abide by the rules and orders of this Court. Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted).

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Sirleaf's rambling and disparate theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Sirleaf's allegations may be dismissed for several reasons, but ultimately, Sirleaf fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and his claims are legally frivolous.

#### A. No Personal Involvement

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of respondeat superior is inapplicable to § 1983 actions). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Accordingly, Sirleaf must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (emphasis added) (internal quotation marks omitted).

To establish a civil conspiracy under § 1983, Sirleaf must allege facts indicating that the Defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996) (citing Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992)). To this end, Sirleaf must allege facts that plausibly suggest "an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) (quoting Caldeira v. Cty. of Kauai, 866 F.2d 1175, 1181 (9th Cir. 1989)). "Where the complaint makes only conclusory allegations of a conspiracy under § 1983 and fails

to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint." Brown v. Angelone, 938 F. Supp. 340, 346 (W.D. Va. 1996) (citations omitted).

Sirleaf names Ralph Northam, Michael Herring, Linda Burrows, the mail room clerk at Greensville Correctional Center, and seven Doe defendants. Sirleaf fails to state a claim against any of the Defendants named or unnamed. Notably, Sirleaf's Particularized Complaint appears to be some sort of form complaint wherein he has left blanks to insert Defendants names at a later date. In each blank, he has written in Northam's and Herring's names or just generally names "Defendants". Sirleaf faults Northam and Herring because they are respectively, the Governor and Attorney General of Virginia; however, he alleges no facts suggesting that either Northam or Herring had any direct involvement in or personal responsibility for the alleged deprivations of Sirleaf's constitutional or other federal rights during his criminal proceedings and subsequent incarceration. Instead, Sirleaf attempts to hold Northam and Herring liable under a theory of respondeat superior, and that theory of liability fails to provide a basis for relief under § 1983. Sirleaf's claims against Northam and Herring will be dismissed.

Sirleaf also fails to allege facts that plausibly suggest the existence of a conspiracy amongst the Defendants to violate his

rights. Brown, 938 F. Supp. at 346.⁶ For the foregoing reasons, Sirleaf's claims alleging a conspiracy will be dismissed as legally insufficient and frivolous.

Moreover, Sirleaf fails to name Burrows or the Doe Defendants anywhere other than the caption of his Particularized Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Although Sirleaf names "Defendants" throughout his Particularized Complaint, that is not sufficient to plausibly allege that each individual defendant was personally involved in the deprivation of his rights. Rather, a vague reference to a group of defendants, without any specific allegation tying the individual defendants to the alleged illegal conduct, fails to state a claim for relief with respect to those defendants. See Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (citation omitted). Accordingly, any claim against Burrows and the Doe Defendants may also be dismissed for that reason.

---

⁶ It appears that Sirleaf believes that Defendants conspired to obtain his wrongful conviction, keep him detained, chill his rights to petition for transfers and his release. (Part. Compl. 6-9.)

12

## V. CONCLUSION

For the foregoing reasons, the action will be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g). The Court places Sirleaf on notice that with this dismissal, he now has three strikes under § 1915(g)[7] and will be required to pay the full $350.00 filing fee to commence any new action. Sirleaf's OMNIBUS MOTION FOR TRANSFER OF CLAIMS and REMAND (ECF No. 14) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Sirleaf.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 6, 2019

---

[7] See also Sirleaf v. McCabe, No. 7:19CV00240 (W.D. Va. Mar. 18, 2019), aff'd No. 19-5423 (4th Cir. Aug. 21, 2019); Sirleaf v. Mikeljohn, No. 3:18CV562, 2019 WL 2251705, at *10 (E.D. Va. May 24, 2019).

13